The opinion of the court was delivered by
Gibson, J.
We commonly say that the assignee of a bond, under our act of assembfy, takes it subject to every equity which might have been set up against it in the hands of the obligee: but this, however generally true, is to be understood with some restriction. The rule established in Wheeler v. Hughes, has never been carried further than to put the assignee in the place of the obligee as to defalcation and want of consideration; and that it has been carried even so far, is owing to the special wording of the act, which enables the assignee to recover only “ so much as shall appear to be due at the time of the assignment.” Had it not been, for thisj I- apprehend the assignee would not have been affected by any transaction between the original parties; for it certainly is not a general principle of equity that a purchaser for valuable consideration, of the legal title to any kind of property, should take it subject to an equity of which he had not notice: and as to policy, I much doubt whether it would not have conduced to fair dealing if our bonds and notes had, in this respect, been put on a footing with promissory notes under the statute of Ann. We are however to take the law as we find it; and as to want of consideration or set-off, it is certain that where there has been no fraud on the part of the obligor, the assignee stands on no better ground than that on which the obligee stood. To exclude all transactions between the original parties, it is necessary that it should appear the assignee took the assignment at the instance of the obligor, or at least that the’ latter stood by with full knowledge of his rights, and without disclosing them. But with any agreement between the original parties, inconsistent with the purport or legal effect of the instrument, the assignee has nothing to do. No such agreement is within the" purview of the act; and the assignee is not bound to call on the ob-ligor for information about matters, the existence of which he has no reason to suspect; the necessity of inquiry being limited as I have said to want of consideration and set-off. Then the agreement here, was that the obligar would not enter up judgment in *142 Chester county; which in no respect affected the existence of the debt but was collateral to it. The warrant of attorney was annexed to the instrument or incorporated with it, (no matter which,) and the right of directing the exercise and application of the power under it, passed by the assignment as an incident of the property in the debt. At law, the agreement not being under seal, was no revocation'of the power, although it was a revocation in equity; and to obtain relief against the judgment as an incumbrance, it would be necessary for the obligors to go into chancery for a perpetual injunction against having execution.of the land. On what ground of equity would they claim this against án assignee for a valuable consideration and without notice? The bond was made assignable in express terms; and it would seem, from the evidence, the obligors knew that the obligee intended to raise money on it. Taking such an engagement and enabling the obligee successfully to hold out the appearance of a state of things which had no existence in fact, was very like a fraud; and I am satisfied that judgment was well entered up by the assignee, and that it is a lien on the land of the obligors.
As to the competency of the obligee as a witness, it is difficult to see what interest he ’had to exclude him. He was not liable to. the assignee, and he therefore got rid of no responsibility by promoting a recovery in this suit.
Judgment reversed and a venire de novó awarded.